UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

DAVID J. PERTS,

    Debtor.

Case No. 04-14471-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE was before the court on Nicole Herrick's motion to approve a settlement between the debtor and herself relating to the division of the proceeds of sale of their former marital home. For the reasons stated below, the settlement will not be approved and the trustee will be directed to disburse one-half of the net proceeds to Ms. Herrick. The other one-half will be retained by the trustee and disbursed in accordance with the debtor's confirmed chapter 13 plan.

David J. Perts and Nicole Herrick were married in 1996. While married, they purchased a home in Stafford County, Virginia, which they owned as tenants by the entirety with the common-law right of survivorship. They were divorced by a final decree of divorce entered on July 28, 2003. Pursuant to their property settlement agreement, Perts obtained exclusive possession of the property and remained in it until it was sold. In return, he was obligated to make all mortgage payments as they became due. They agreed that if the property was sold, they would evenly divide the proceeds of sale.

Perts filed a voluntary petition in bankruptcy under chapter 13 of the Bankruptcy Code on October 27, 2004. In 2007, he filed a motion to approve a contract of sale of the real property. The contract was executed by both Herrick and him. The motion stated that:

> One half of the net proceeds will be paid directly to the joint owner,

1

> Nicole Herrick. Of the other half of the net proceeds debtor will contribute all but $6,000.00 to the Chapter 13 trustee.

Motion to Approve Sale of Real Property at 1-2 (Docket Entry 97). Although Herrick consented to the sale of the real estate, she raised questions as to the division of the proceeds at the hearing on the motion to approve the sale. The court approved the sale but required all proceeds be paid to the chapter 13 trustee pending resolution of the contested claims to the proceeds of sale. In order to resolve the contested claim to the sales proceeds, Herrick filed a motion seeking more than one-half of the proceeds. She properly alleged that upon entry of the final decree of divorce, she and the debtor became tenants in common. The divorce converted the tenancy from a tenancy by the entirety to a tenancy in common. *See* Va. Code (1950) §20-111. She also asserted that the debtor failed to make all post-petition mortgage payments and that the debtor continued to live in the property until settlement. All of the missed mortgage payments were due post-petition.

The debtor does not contest these basic facts and it is clear that had he made all mortgage payments when due, the net proceeds of sale would have been greater. It is also true that if the sale had been conducted under the auspices of the state court in conjunction with the divorce proceeding, the state court would have adjusted the distribution of the proceeds to take into account the mortgage payments that the debtor ought to, but did not, make. It would have increased Herrick's share of the proceeds by one-half of the amount of the missed mortgage payments. *See Naccash v. Naccash*, 212 Va. 763, 764, 188 S.E.2d 83, 84-85 (1972); *Jenkins v. Jenkins*, 211 Va. 797, 800, 180 S.E.2d 516, 518 (1971); *Gaynor v. Hird*, 15 Va. App. 379, 424 S.E.2d 240 (1992). They reached an agreement whereby Herrick would receive more than one-half of the net proceeds and noticed the proposed settlement to all creditors.

In support of her motion to approve the settlement, Herrick asserts that the debtor's failure

2

to make post-petition mortgage payments should be taken into account in the distribution of the proceeds of sale. She relies on *Gaynor v. Hird*, 15 Va. App. 379, 424 S.E.2d 240 (1992). In that divorce proceeding, there was no agreement between the parties. The husband had exclusive possession of the property and made all of the mortgage payments. In adjusting the accounts between the two parties, the circuit court credited the husband with one-half of the mortgage payments he had made but did not credit the wife with one-half of the rental value of the property. The Court of Appeals reversed, finding that the wife should have been credited with one-half of the fair rental value of the property while the husband was in exclusive possession. Both the mortgage obligations and the rental obligations were to be equally shared by the parties. *Gaynor* is different from this case because in this case there was an agreement between the parties granting the debtor exclusive possession of the property in return for certain compensation. That compensation was the payment of the mortgage. That being the agreement of the parties, *Gaynor* is not applicable. The parties in this case agreed to the distribution of the proceeds of sale in advance. It was not necessary to do an accounting to determine who had paid the mortgage, who had made improvements to the property, who was to be credited with the improvements to the property, what the fair rental value of the property was, and whether there was exclusive possession of the property. *See Naccash v. Naccash*, 212 Va. 763, 188 S.E.2d 83 (1972) (one rental office in the exclusive possession of husband; two rental offices in joint possession of both husband and wife).

      This is not a divorce proceeding. It is a bankruptcy proceeding. While a state court division of the proceeds taking into account the unpaid mortgage payments would have been proper as between the former spouses, it is not proper when the rights of third parties, Perts' creditors, are affected, as they must be in a bankruptcy proceeding. The bankruptcy estate and Herrick are entitled

to their ownership interests in the proceeds of sale. The parties owned the real property as tenants in common upon the filing of the bankruptcy petition. Perts' interest became property of the estate when he filed his voluntary petition in bankruptcy. Herrick's interest did not become property of the estate. At that point, they each owned an undivided one-half interest in the property. Perts had the right of exclusive possession of the property, but also the obligation to make all mortgage payments when they became due. When he failed to honor this obligation post-petition, he became in default of the property settlement agreement and divorce decree. Herrick took no enforcement action in the state court and could have taken no action that would have changed the debtor's one-half ownership interest in the real property.

While it may well be true that Herrick has a claim against Perts for the unpaid mortgage, it is not a pre-petition claim. It is a post-petition claim. It is not payable from the bankruptcy estate and will not be discharged by any discharge that may be granted to the debtor.

Herrick now argues that she and the debtor held the real property as partners and that the partnership obligations must be settled before the proceeds of the partnership can be disbursed to the two partners. As an abstract principal of law, this is correct. The fatal flaw is that the real property was not held in partnership. Co-owners are not automatically partners. Va. Code (1950) §50-73.79 now in effect, defines a partnership to mean "an association of two or more persons to carry on as co-owners a business for profit." Michie's Jurisprudence cites various definitions of a partnership, one of which is "a voluntary contract between two or more persons for joining together their money or goods or labor or all of them under an understanding or an agreement that there shall be a communion of profit and loss between them and carrying on a lawful business." 14A *Michie's Jurisprudence*, Partnership §2 (2006).

The facts are to the contrary. Perts and Herrick were not engaged in a business. They were not sharing profits or losses of that business. They were not contributing money, labor or goods to a common venture. Their contract was not one to create a partnership and carry on a joint business, but rather to separate and carry on their individual lives. Part of that contract concerns the disposition of the real property. Perts was given the exclusive right of possession in return for making the mortgage payments. They agreed that upon sale, the proceeds would be evenly divided between them. There was no partnership between Perts and Herrick and, thus, no partnership accounts to be settled before the net surplus of partnership assets are distributed to the partners.

The debtor joined in the motion for settlement in part to avoid additional attorney's fees. However, the agreement provided for payment of an obligation that is not dischargeable in this bankruptcy case and would not otherwise be paid by the trustee. In short, the debtor sought to spend other people's money, *i.e.*, his pre-petition creditors' money, to pay a post-petition debt to his former spouse. While this certainly benefitted both Perts and Herrick, it would be to the detriment of his creditors. The trustee properly orally objected at the hearing on the motion to approve the settlement. Normally, settlements will be approved if they fall within a broad range of reasonableness. Here, the settlement does not do so. There is no basis in law or in fact that permits Herrick to obtain more than one-half of the net proceeds of sale. The property was not partnership property. The debtor's default under the property settlement agreement and final divorce decree was a post-petition default not dischargeable in this case and not payable by the bankruptcy trustee. The settlement involves disposition of money otherwise payable to creditors. The trustee is the sole representative of the estate. He did not propose the settlement. He is not a party to the settlement. He does not consent to the settlement. Such a settlement will not be forced on the trustee.

5

Herrick's motion to direct the trustee to distribute funds will be granted to the extent of one-half of the net proceeds of sale taking into account the judgment lien deducted by the settlement agent.[1]  Herrick's motion to approve a settlement will be denied.

Alexandria, Virginia
March 6, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Joseph M. Golberg
Richard J. Stahl
Gerald M. O'Donnell

14059

---

[1] At one point, the debtor claimed a $6,000 exemption from his share of the proceeds that was to be paid to the trustee.  The debtor has since filed a Praecipe withdrawing his claim of exemption.  *See* Docket Entry 126.  The parties agree that a judgment was entered against the debtor and docketed against the real property.  This judgment is a lien only against the debtor's interest and while the settlement attorney paid it and thereby reduced the net proceeds disbursed to the chapter 13 trustee, that judgment is payable solely out of the debtor's one-half interest.  The trustee will make an appropriate adjustment in distributing Herrick's proceeds to her.